

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMES D. SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:07-1482-HFF-TER |
| § | |
| TOM FOX; JOHNNY BROWN; RICK GORE; § | |
| OFFICER NFN LOUHOLT; § | |
| MAINTENANCE DEPARTMENT; § | |
| REUBEN EDGE; C/O NFN BRIDGES; and § | |
| SUPERVISOR OF FIRE SAFETY § | |
| AND HEALTH INSPECTOR OF § | |
| J. REUBEN LONG DETENTION CENTER, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se**.** The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the Complaint, *without prejudice*, and without issuance and service of process as to Defendant Maintenance Department only. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 27, 2007, and the Clerk entered Plaintiff's objection to the Report on July 12, 2007.

Plaintiff objects to the Magistrate Judge's conclusion that the Maintenance Department is an improperly named defendant in this matter. The Court agrees with the Magistrate Judge's observation, however, that the use of collective terms such as "staff" and "department," without inclusion of specific names, fails to state a claim against a person and, therefore, does not satisfy a required element of a 42 U.S.C. § 1983 action. (Report 3.) Therefore, the Court will enter judgment accordingly.

The Court notes, however, that Plaintiff has the option of amending his Complaint by either 1) providing the names of the Maintenance Department employees who allegedly harmed Plaintiff or 2) naming "John Doe, employee of JR Long DT Maintenance Department" with information as to the date and time on which the employee(s) allegedly caused the harm.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint be **DISMISSED,** *without prejudice*, and without issuance and service of process **as to Defendant Maintenance Department only.**

**IT IS SO ORDERED**.

Signed this 25th day of July, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.