

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES D. SMITH, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:07-1482-HFF-TER |
| | § | |
| TOM FOX; JOHNNY BROWN; RICH GORE; | § | |
| OFFICER NFN LOUHOLT; MAINTENANCE, | § | |
| REUBEN EDGE; C/O NFN BRIDGES; and | § | |
| SUP. FIRE SAFETY AND HEALTH | § | |
| INSPECTOR OF J. REUBEN LONG | § | |
| DETENTION CENTER, | § | |
| Defendants. | § | |

ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and that any outstanding motions be deemed moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 2, 2008, but Plaintiff failed to file any objections to the Report.[1] In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).[2]

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's motion for summary judgment be **GRANTED** as to the federal claims, the federal claims be **DISMISSED** with prejudice, any state claims be **DISMISSED** without prejudice, and Defendants' Motion to Quash Service be **GRANTED**.[3]

**IT IS SO ORDERED**.

---

[1]The Court notes that Plaintiff is likely unaware of the Magistrate Judge's Report as it appears that mail from the Court to Plaintiff has been returned as undeliverable. However, in light of, among other things, the present posture of the case and the fact that Plaintiff has failed to keep the Court apprised of his current mailing address, the Court has no option but to dispose of the action.

[2]As a point of clarification, the Court notes that in 42 U.S.C. § 1983 actions such as this, the Fourth Circuit has held that the deliberate indifference standard is the same for both inmates and pretrial detainees. *Patten v. Nichols*, 274 F.3d 829, 834-35 (4th Cir. 2001).

[3]In addition, when a plaintiff such as the one here seeks injunctive relief, those claims generally become moot when the plaintiff is moved to another facility. *See, e.g., Indianapolis School Commissioners v. Jacobs*, 420 U.S. 128 (1975); *United States v. Munsingwear, Inc.,* 340 U.S. 36 (1950). Thus, inasmuch as the Court has confirmed this date that Plaintiff has been moved, is currently incarcerated at the South Carolina Department of Corrections' Kirkland facility, and none of the exceptions to the general rule applies, Plaintiff's claims for injunctive relief are moot. *See* https://sword.doc.state.sc.us/incarceratedInmateSearch/index.jsp (confirming Plaintiff's current location ).

Signed this 30th day of July, 2008, in Spartanburg, South Carolina.

>s/ Henry F. Floyd
>HENRY F. FLOYD
>UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.